No. 823

PURNHAGEN et v. INDUSTRIAL COMMISSION

No. 19289. Supreme Court

On motion to certify. Dock. July 24, 1925; 3 Abs. 466.

114. ATTORNEY AND CLIENT—Is attorney entitled to fees to be charged to Industrial Commission for services rendered for claimant in Court of Appeals and Supreme Court; where Commission prosecuted error and was unsuccessful therein?

Nellie Purnhagen brought suit in the Hamilton Common Pleas appealing the action of the Industrial Commission in denying compensation on the ground that the death of her husband was not in the course of his employment. The court rendered judgment in Purnhagen's favor and as part of the judgment allowed her attorneys $1500 as fees.

Error was prosecuted and the Court of Appeals affirmed this judgment. Whereupon a motion to certify the record was filed in the Supreme Court. Said motion was denied. A motion was subsequently filed by **Purnhagen,** for an allowance of attorneys fees for the services rendered in the higher courts, namely the Court of Appeals and the Supreme Court. The Common Pleas sustained the motion and allowed $750 as fees to Purnhagen's attorneys for services in the upper courts. The Court of Appeals on error proceedings reversed this order of the trial court.

The case is filed in the Supreme Court on a motion to certify and it is claimed that the case involves the construction of 1465-90 GC. as it read before the amendment of 1921, the case having been filed prior to said amendment. The portion of that section governing the case is, "The cost of such proceeding, including a reasonable attorney's fees to the claimant's attorney, to be fixed by the trial judge, shall be taxed against the unsuccessful party."

It is urged that without such provision for the payment of attorney's fees in cases wherein the Industrial Commission erroneously re-

fused compensation, the average claimant would be thrown back to the old method of employing counsel for a contingent fee to be paid from the award. It is argued that according to the Court of Appeals' decision, the attorneys can be paid for their services in the Common Pleas Court, but not in the Court of Appeals or Supreme Court.

It is contended that the fundamental question to be determined is whether the beneficiaries whom the Workmens' Compensation Act was intended to protect, are entitled to be reimbursed for expenses and compensation of their attorneys in error proceedings from the Common Pleas Court. The manifest purpose of the Act is to grant full compensation without deduction for attorneys fees or expenses. In re: Clayton, 17 N. P. (N. S.) 394.

It is claimed that the only other result of the ruling of the Court of Appeals in this case is that the attorneys must not only perform the additional services in the upper courts without compensation, but they must pay their own expenses, which in ordinary cases is considered champertous and improper.

Attorneys—Cobb, Howard & Bailey and F. H. Kunkel for Purnhagen; Chas. S. Bell and Louis Schneider for Commission; all of Cincinnati.